

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2004

# USA v. Wray

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1587

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Wray" (2004). *2004 Decisions.* Paper 1018.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1018

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1587
_____

UNITED STATES OF AMERICA

vs.

BERNARD CHRISTIE WRAY

Appellant.

_____

ON APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS

(D.C. Criminal No. 02-cr-00053)
District Judge: The Honorable Thomas K. Moore

_____

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2003

BEFORE: NYGAARD, BECKER, and STAPLETON, Circuit Judges.

(Filed February 6, 2004)

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Bernard Christie Wray challenges his conviction for filing a false statement, alleging that the District Court failed to properly explore potential bias on the part of a juror and improperly admitted the opinion testimony of a lay witness. For the reasons that follow, we will affirm the conviction.

## I.

Wray was accused of attempting to smuggle more than $120,000 in United States' currency through the Cyril E. King airport in St. Thomas, U.S. Virgin Islands. Customs officials discovered most of the cash wrapped in duct tape and hidden in the lining of Wray's suitcase, and he then informed them that additional cash was stowed in his shaving kit. Wray did not declare possession of this money, answering "no" to the question on the Customs Declaration that asked if he was carrying more than $10,000 in currency. A customs official testified at Wray's trial that she specifically asked Wray if he was carrying more than $10,000, and that Wray replied he was not.

After a jury trial, Wray was convicted on one count of making a false statement on a customs form, under 18 U.S.C. § 1001(a). He was acquitted on charges of bulk cash smuggling. Wray was sentenced to one year of probation and now appeals his conviction.

II.

Wray contends that the District Court abused its discretion by not questioning a juror at greater length after the juror approached the Court with concerns about potential bias. We disagree.

Following the government's rebuttal testimony, a juror asked to speak to the Court about being excused from service. At a sidebar with the attorneys present, the juror told the Court that she might be prejudiced because she had seen a spectator in the courtroom whom she knew was in trouble with the federal government.[1] In response, the Court told the juror that the spectator's presence had nothing to do with Wray's case, but that the observer was in the courthouse because he was required to report to authorities periodically, and had apparently just stopped in to watch the trial.

The juror indicated that this information satisfied her concerns, and the discussion ended. In response to a request from defense counsel, the Court issued a special instruction to the jurors shortly afterward, telling them that they should not pay any attention to people who might come into the courtroom to observe the trial. Defense counsel did not make any objection to how the Court handled the situation.

Because there was no contemporaneous objection, we evaluate the appropriateness of the District Court's colloquy with the juror under a plain error

---

1     Wray asserts that this person had been charged with illegally selling prescription drugs and a massive money laundering conspiracy.

3

standard. *See* FED. R. CRIM. P. 52(b). A defendant may only obtain reversal of a criminal conviction under this standard if 1) an error was committed; 2) the error was "clear and obvious;" 3) the error "affected the defendant's substantial rights;" and 4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dixon,* 308 F.3d 229, 234 (3d Cir. 2002) (internal citation and quotations omitted).

Wray's claim does not even meet the first condition of this test, because there was no error. The District Court properly ascertained the basis of the juror's concern, and properly reassured her. The juror indicated that she was no longer concerned. In response to defense counsel's request, the Court delivered a carefully worded cautionary instruction to the jury.

The situation did not require the Court to do more. Since the presence of the observer did not have anything to do with the case, the juror had not been exposed to "prejudicial extra-record information," and a more thorough examination of her knowledge was not required. *See Government of the V.I. v. Dowling,* 814 F.2d 134, 137 (3d Cir. 1987) (expressing preference for a thorough, *in camera* examination of a juror who has been exposed to prejudicial extra-record information about a case). In fact, the juror here had not been exposed to *any* extra-record information about the case, prejudicial or otherwise. In such a situation, considerable deference must be given to the

trial judge to determine if there is a danger of prejudice. *Id.* With this deference in mind, we do not see any error in how the District Court handled the juror's concerns.

Wray also contends that the Court erroneously allowed a prosecution witness to testify to information that was not based on his first-hand knowledge. This claim is meritless. Senior Immigration Inspector Frank Teran testified that the customs procedures at the airport were the same on March 22, 2002, the date in question, as they were when Wray was admitted through the airport six weeks earlier. As a senior inspector who had been working in the St. Thomas airport for more than three years, Teran was able to testify to this information from direct personal knowledge, and such testimony was not speculation or an improper expression of his opinion. *See* FED. R. EVID. 701. Wray's attorney did not object to the testimony at trial, and Wray does not now demonstrate that its admission was plain error. *See* FED. R. EVID. 103(a)(1).

## III.

For the above reasons, we will affirm Wray's conviction.